# IN THE COURT OF APPEALS OF IOWA

No. 18-1088
Filed June 19, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MICHAEL A. GILL, JR.,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Michael Gill appeals his conviction and sentence for robbery in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal), and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**VOGEL, Chief Judge.**

Michael Gill appeals his conviction and sentence for robbery in the second degree. He asserts his counsel was ineffective for failing to object to a jury instruction on second-degree robbery that did not include the assault element.

On October 7, 2017, the victim took a bus home. As she stepped off the bus, two men also stepped off. The victim testified the men followed her and one man attempted to snatch her bag. She fell to the ground, was then thrown three or four times back to the ground, and was dragged until the man freed the bag from her grasp and ran off. An eyewitness testified he saw a woman being dragged along the sidewalk. After the man took off with the bag, the eyewitness chased him. The man eventually dropped the bag and was able to run away from the eyewitness.

Law enforcement identified Gill as the perpetrator based on the eyewitness's detailed description of the man's clothing and appearance and video footage from the bus. Gill was charged with second-degree robbery.[1] The trial was held May 7 to 8, 2018, and the jury found him guilty of second-degree robbery, in violation of Iowa Code sections 711.1 and 711.3 (2017). Gill received a sentence of ten years in prison with a mandatory minimum of five years.

Gill now appeals, arguing his counsel was ineffective for failing to object to a faulty jury instruction. Marshaling instruction number thirteen stated,

> The State must prove both of the following elements of Robbery in the Second Degree:
> 1. On or about the [seventh] day of October, 2017, the Defendant had the specific intent to commit a theft.

---

[1] Gill was also charged with possession of a controlled substance but he pled guilty to this offense prior to trial.

> 2. To carry out that intention or to assist him in escaping from the scene, with or without the stolen property, the defendant inflicted a bodily injury on [the victim] . . . .

Gill argues this instruction misstates the law by not including the assault[2] element—that is the bodily injury must be the result of an assault—required under Iowa Code section 711.1.[3]

For ineffective-assistance claims, our review is de novo. *Bowman v. State*, 710 N.W.2d 200, 204 (Iowa 2006) ("A claim of ineffective assistance of counsel requires a de novo review because the claim is derived from the Sixth Amendment of the United States Constitution."). To prevail on his claim, Gill must show his counsel failed to perform an essential duty and such failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Both elements must be proven by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *Straw*, 709 N.W.2d at 133 (citing Iowa Code § 814.7(3) (2005)).

---

[2] Iowa Code section 708.1(2)(a) defines assault as "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act."

[3] Iowa Code section 711.1(1)(a) states,

> A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
> a. Commits an assault upon another.

"Errors in jury instructions merit reversal when prejudice results." *State v. Coleman*, 907 N.W.2d 124, 138 (Iowa 2018). "Prejudice occurs and reversal is required if jury instructions have misled the jury[ ] or if the district court materially misstates the law." *Id.* (quoting *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 892 (Iowa 2015)). The record shows Gill was identified as the individual who pulled the victim to the ground multiple times, dragged her along a sidewalk, and then forcibly removed a bag from the victim's grip. As a result of the incident, the victim sought medical assistance from her doctor and had bruising on her nose, wrists, hands, arms, shoulders, and knees. Based on this evidence, a jury could have concluded an assault occurred. Although Gill claims any injury the victim suffered could have been inflicted accidently, the evidence is quite to the contrary. The victim testified she was thrown to the ground three times and dragged. The eyewitness also testified the victim was dragged. Nothing in either account of what happened would suggest the victim was "accidently" injured or that Gill's pushing her down multiple times and dragging her was not an assault under Iowa Code section 708.1(2)(a). Therefore, we find "there [is] no reasonable probability that, but for counsel's failure to object to the instruction, the result of the proceedings would have been different." *State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008) (finding the defendant failed to establish prejudice due to the "overwhelming evidence supporting [the defendant's] guilt" and "the negligible effect the . . . jury instruction could have had on the verdict").

**AFFIRMED.**